UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL LUIS COLON, | Civil Action No. 21-15926 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Angel Luis Colon, is proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion" or "§ 2255 Motion").[1]

On December 10, 1996, Petitioner pleaded guilty to murder in Essex County Superior Court. On January 31, 1997, he was sentenced to a 30-year mandatory minimum term of incarceration. On July 15, 1997, Colon pled guilty in the United States District Court, District of New Jersey, to being a felon in possession of a firearm in violation of 18 U.S.C. § 992(g). *See* Crim. No. 97-680. On April 3, 1998, Colon was sentenced to incarceration for a term on 82 months: "22 months to run concurrent and 60 months to run consecutive to the defendant's imprisonment under any previous state or federal sentence." ECF Doc. 14 at 23 of 27 (attached to Colon Motion). Petitioner did not file a direct appeal.

---

[1] At the time he filed his motion, Petitioner was confined at East Jersey State Prison. The New Jersey Inmate Locator indicates that Petitioner is currently confined at South Woods State Prison. As such, the Court will direct the Clerk of the Court to send this Memorandum and the accompanying Order to both locations.

1

On March 5, 2008, Petitioner filed a motion to modify his federal sentence to run concurrent with his state sentence motion, pursuant to 18 U.S.C. §§ 3584(a) and 3553(a). That motion was denied by the Court on April 23, 2009. *See id.* at Nos. 14, 17-18.

On August 23, 2021, the instant motion pursuant to § 2255 was docketed. *See* ECF No. 1. The motion is dated August 16, 2021. *See id.* Petitioner raises a single ground for relief and asserts that the consecutive portion of his 1998 federal sentence violates the Fourteenth and Eighth Amendments. *See id.* at 5.

At this time, the Court must screen Petitioner's § 2255 motion for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court. Pursuant to its screening authority, the Court must direct the government to file an answer unless it "plainly appears from the motion, any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief . . . ."

Here, it plainly appears that Petitioner's § 2255 motion is untimely under the one-year limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to 28 U.S.C. § 2255(f), "[a] 1–year period of limitation shall apply to a motion under this section." *See id.* The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also* 28 U.S.C. § 2244(d)(1).

As explained by the Third Circuit in *Kapral v. U.S.*, 166 F.3d 565, 577, 570-71 (3d Cir. 1999), a "judgment of conviction becomes 'final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires; *see also Clay v. U.S.*, 537 U.S. 522, 527 (2003) (citations omitted) (A federal criminal conviction becomes "final," within the meaning of § 2255(f)(1), when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." *Kapral*, 166 F.3d at 577 ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the [§ 2255] statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); *see also Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000).

In this case, Petitioner's Judgment of Conviction was entered on or about April 3, 1998, and he did not file a direct appeal. Thus, his conviction became final when his time to appeal expired under the Federal Rules of Appellate Procedure – *i.e.*, 14 days after the entry of judgment in the district court. *Kapral*, 166 F.3d at 577; *Nelson v. United States*, No. CIV.A. 12-5265 FLW, 2013 WL 2182602, at *2 (D.N.J. May 20, 2013) (citing Fed. R. App. P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed ... within 14 days after ... the entry of

either the judgment [being] appealed"); *Doyle v. United States*, No. CIV.A. 13-5284 RMB, 2013 WL 5521578, at *1 (D.N.J. Oct. 3, 2013) (same).

The statute of limitations is subject to certain equitable considerations. Courts have recognized that the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *See United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013); *see also Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (holding that AEDPA's one year limitation period may be equitably tolled). As explained by the Third Circuit in *Thomas*, "the Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 174 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005)). Mere excusable neglect is insufficient. *Id.* (citing *Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002)).

There are no bright-line rules for determining when extra time should be permitted in a particular case. *Thomas*, 713 F.3d at 174 (citing *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012)). Rather, the unique circumstances of each defendant seeking § 2255 relief must be considered. *Id.* (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *Id.* (citing *Pabon*, 654 F.3d at 399).

Petitioner provides no reasons for the more than 20-year delay in filing his § 2255 motion. As such, he has not established a basis for equitable tolling. At this time, the Court will dismiss the § 2255 motion <u>without prejudice</u> as untimely and administratively terminate this matter. In light of his *pro se* status, Petitioner may file a motion to reopen this matter within 30

days if he can provide a valid basis for equitable tolling with respect to the lengthy delay in filing his § 2255 motion.

The Court will also deny a certificate of appealability ("COA"). A District Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, "a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Cepero*, 224 F.3d 256, 262 (3d Cir. 2000). Here, the Court's procedural rulings that the motion is untimely and that Petitioner has not provided a basis for equitable tolling are not debatable.

As explained in this Memorandum, the § 2255 motion is dismissed without prejudice at screening as untimely, and the Court denies a COA. The Court will administratively terminate this matter, and Petitioner may file a motion to reopen within 30 days if he can provide a valid basis for equitable tolling. An appropriate Order follows.

*[signature]*
Freda L. Wolfson
U.S. Chief District Judge
11/18/2021